**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WILLIAM HAAS AND AKHLAQUR RAHMAN on behalf of themselves and all others similarly situated,**<br><br>**PLAINTIFFS,**<br>v.<br><br>**VERIZON NEW YORK INC.,**<br><br>**DEFENDANT.** | Case No. 13-cv-08130 (RA)<br><br>**ECF Case** |

## <u>VERIZON NEW YORK INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION</u>

## <u>TABLE OF CONTENTS</u>

**Page**

SUMMARY OF OBJECTIONS ............................................................................................. 1

1.   Magistrate Judge Cott Erred By Finding That There Was A Genuine Factual
     Dispute Regarding The Third Prong of the Highly Compensated Employee
     Exemption ............................................................................................................... 1

2.   Magistrate Judge Cott Erred in Finding A Genuine Factual Dispute Regarding
     Whether Plaintiffs Customarily and Regularly Direct the Work of Two or More
     Employees ............................................................................................................... 3

3.   Because Summary Judgment Should Be Granted In Favor of Verizon on the
     Highly Compensated Exemption For The Entire FLSA Period, Conditional
     Certification Should Also Be Denied as Moot ....................................................... 3

4.   To the Extent Plaintiffs' Conditional Certification Motion is Granted, The
     Production of E-mail Addresses Should be Denied ................................................. 3

BACKGROUND ............................................................................................................... 4

ARGUMENT ................................................................................................................... 5

I.    Magistrate Judge Cott Applied An Incorrect Standard In Assessing Whether
      Plaintiffs Perform Office or Non-Manual Work Necessary To Meet The HCE
      Exemption ............................................................................................................... 5

II.   Magistrate Judge Cott Also Erred By Finding That There Was A Genuine Factual
      Dispute Regarding Whether Plaintiffs' Primary Duty "Includes" Office Or Non-
      Manual Work ......................................................................................................... 10

III.  Magistrate Judge Cott Erred in Finding A Genuine Dispute of Material Fact As
      To Whether Plaintiffs' Primary Duty Is Office or Non-Manual Work ................ 12

IV.   Magistrate Judge Cott Erred in Finding A Genuine Factual Dispute Regarding
      Whether Plaintiffs Customarily and Regularly Direct the Work of Two or More
      Employees ............................................................................................................. 17

V.    Because Summary Judgment Should Be Granted In Favor of Verizon on the
      Highly Compensated Exemption For The Entire FLSA Period, Conditional
      Certification Should Also Be Denied as Moot ..................................................... 20

VI.   To the Extent Plaintiffs' Conditional Certification Motion is Granted, The
      Production of E-mail Addresses Should be Denied ............................................. 22

CONCLUSION ............................................................................................................... 23

# TABLE OF AUTHORITIES

Page

CASES

*Baldwin v. Trailer Inns., Inc.*,
  266 F.3d 1104 (9th Cir. 2001) ..................................................................17, 18

*Brody v. AstraZeneca Pharms., LP*,
  No. CV 06-6862 ABC, 2008 U.S. Dist. LEXIS 107301 (C.D. Cal. June 11,
  2008) ...........................................................................................................21

*Bucklin v. Am. Zurich Ins. Co.*,
  No. 2:11-CV-05519- ......................................................................................21

*Cameron v. Abercrombie & Fitch Co.*,
  No. 2:10-cv-631, 2012 WL 4057240 (S.D. Ohio Sept. 14, 2012) .................... 14-15

*Christopher v. SmithKline Beecham Corp.*,
  No. CV-08-1498-PHXFJM, 2009 U.S. Dist. LEXIS 108992 (D. Ariz. Nov.
  20, 2009) .....................................................................................................21

*Clarke v. JPMorgan Chase Bank, N.A.*,
  No. 08 Civ 2400 (CM), 2010 U.S. Dist. LEXIS 33264 (S.D.N.Y. March 26,
  2010) ...........................................................................................................21

*Donovan v. Burger King Corp.*,
  672 F.2d 221 (1st Cir. 1982) ...........................................................................18

*DaCosta v. Prudential Ins. Co. of Am.*,
  No. 10-CV-720 (JS) (ARL), 2010 WL 4722393 (E.D.N.Y. Nov. 12, 2010) ...........7

*Ferrell v. Gwinnett County Bd. of Educ.*,
  481 F. Supp. 2d 1338 (N.D. Ga. 2007) ..............................................................15

*Forest Watch v. United States Forest Serv.*,
  410 F.3d 115 (2d Cir. 2005)...............................................................................7

*Gonzalez v. Scalinatella, Inc.*,
  No. 13 Civ. 3629 (PKC), 2013 WL 6171311 (S.D.N.Y. Nov. 25, 2013)............3, 22

*Hart v. U.S. Bank NA*,
  No. CV 12–2471–PHX–JAT, 2013 WL 5965637 (D. Ariz. Nov. 8, 2013) ...........23

# TABLE OF AUTHORITIES
### (continued)

Page

*Hicks v. Mercedes-Benz U.S. Int'l Inc.*,
  7:08-cv-0536-LSC, 2012 U.S. Dist. LEXIS 91253 (N.D. Ala. July 2, 2012) ........................18

*Hicks v. Mercedes-Benz U.S. Int'l, Inc.*,
  No. 7:08-CV-0536-LSC, 2012 WL 1566140 (N.D. Ala. Apr. 30, 2012) ................................8

*Hintergerger v. Catholic Health Sys.*,
  No. 08–CV–380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009).........................................22

*In re Initial Pub. Offering Sec. Litig.*,
  241 F. Supp. 2d 281 (S.D.N.Y. 2003).......................................................................................7

*Lema v. Mugs Ale House Bar*,
  No. 12-CV-2182 (PKC), 2014 WL 2917031 (E.D.N.Y. June 26, 2014)...............................20

*Lopez v. United Parcel Serv., Inc.*
  No. C 08-05396 SI, 2010 U.S. Dist. LEXIS 95772 (N.D. Cal. Sept. 14, 2010)....................12

*Lopes v. Dep't of Social Servs.*,
  696 F.3d 180 (2d Cir. 2012)......................................................................................................7

*Mary Jo C. v. N.Y. State & Local Ret. Sys.*,
  707 F.3d 144 (2d Cir. 2013)......................................................................................................7

*McCoy v. North Slope Borough*,
  No. 3:13–CV–00064–SLG, 2013 WL 4510780 (D. Alaska Aug. 26, 2013).........................14

*Muller v. Am. Mgmt. Ass'n Int'l*,
  368 F. Supp. 2d 1166 (D. Kan. 2004)......................................................................................22

*Nigg v. United States Postal Serv.*,
  829 F. Supp. 2d 889 (C.D. Cal. 2011) .....................................................................................10

*Pieretti v. Dent Enters.*,
  No. 11-2179, 2013 U.S. Dist. LEXIS 27244 (E.D. Pa. Feb. 26, 2013) ............................13, 17

*Ramos v. Baldor Specialty Foods, Inc.*,
  10 Civ. 6271(RMB), 2011 WL 2565330 (S.D.N.Y. June 16, 2011) ................................17, 18

*Reab v. Elec. Arts, Inc.*,
  214 F.R.D. 623 (D. Colo. 2002) ..............................................................................................23

**TABLE OF AUTHORITIES**
(continued)

Page

*Regan v. City of Charleston, S.C.*,
40 F.Supp.3d 698, 703 ................................................................................................. 23

*Rivera v. Schering Corp.*,
No. CV 08-1743- GW(JCx), 2008 U.S. Dist. LEXIS 111105 (C.D. Cal. Aug.
14, 2008) ............................................................................................................... 22

*Robinson-Smith v. Gov't Emps. Ins. Co.*,
590 F.3d 886 (D.C. Cir. 2010) ............................................................................... 9

*Scott v. SSP Am., Inc.*,
No. 09–CV–4399 (RRM)(VVP), 2011 WL 1204406 (E.D.N.Y. Mar. 29,
2011) ............................................................................................................... 18-19

*Smith v. Johnson & Johnson*,
593 F.3d 280 (3d Cir. 2010) .................................................................................. 21

*Smith v. Johnson & Johnson*,
No. 06-4787 (JLL), 2008 U.S. Dist. LEXIS 104952 (D.N.J. Dec. 30, 2008) ................. 21

*Sosa v. Alvarez-Machain,*
542 U.S. 692 (2004) ............................................................................................... 7

*Spinden v. GS Roofing Products Co.*,
94 F.3d 421 (8th Cir. 1996) .................................................................................... 9

*Switzoor v. SCI Eng'g, P.C.*,
11-CV-9332 (RA), 2013 WL 4838826 (S.D.N.Y. Sept. 11, 2013) ................................ 16, 17

*Taylor v. Waddell & Reed, Inc.*,
No. 09cv2909 AJB (WVG), 2012 U.S. Dist. LEXIS 212 (S.D. Cal. Jan. 3,
2012) ............................................................................................................... 21

*Winans v. Starbucks Corp.*,
796 F. Supp. 2d 515 (S.D.N.Y. 2011) ..................................................................... 21

*Withrow v. Sedgwick Claims Mgmt. Serv., Inc.*,
841 F. Supp. 2d 972 (S.D.W. Va. 2012) ................................................................. 9

*Zannikos v. Oil Inspections (U.S.A.), Inc.*,
605 F. App'x 349 (5th Cir. 2015) ..................................................................... 12, 13, 17

## TABLE OF AUTHORITIES
### (continued)

Page

*Zink v. First Niagara Bank, N.A.*,
  No. 13-CV-01076 (A) (M), 2014 WL 1875577 (W.D.N.Y. Jan. 27, 2014) .............................7

*Zubair v. En'Tech Eng'g, P.C.*,
  808 F. Supp. 2d 592 (S.D.N.Y. 2011) ........................................................................10, 16, 17

**OTHER AUTHORITIES**

29 C.F.R. § 541.100 .................................................................................................3, 6, 19, 20

29 C.F.R. § 541.200 ..........................................................................................................6, 8, 14

29 C.F.R. § 541.201 .............................................................................................................13, 17

29 C.F.R. § 541.300 ...................................................................................................................6

29 C.F.R. § 541.601 ........................................................................................................... passim

29 C.F.R. § 541.700 ..............................................................................................................14, 15

Fed. R. Civ. P. 72(b)(3) .............................................................................................................5

## SUMMARY OF OBJECTIONS

While Verizon New York Inc. ("Verizon") acknowledges that Magistrate Judge Cott undertook an exhaustive review of the record and the parties' positions, and Verizon agrees with a number of his recommended findings, Verizon must respectfully object to the following findings in his Report and Recommendation ("R&R," Docket No. 177) that significantly affected the outcome of Verizon's motion for summary judgment and, correspondingly, the motion for conditional certification under the Fair Labor Standards Act ("FLSA") by Plaintiff William Haas ("Haas") and Akhlaqur Rahman ("Rahman") (collectively "Plaintiffs"):

**1.     Magistrate Judge Cott Erred By Finding That There Was A Genuine Factual Dispute Regarding The Third Prong of the Highly Compensated Employee Exemption.**

Arguing that the undisputed evidence alone entitled it to relief, Verizon moved for summary judgment as to Plaintiffs' individual claims based on the Highly Compensated Employee ("HCE") exemption.  (Docket No 106).  To satisfy the HCE exemption, employees need only (1) make over $100,000 in total annual compensation; (2) "customarily and regularly perform[] *any one or more* of the exempt duties or responsibilities of an exempt executive, administrative or professional employee;" and (3) have a primary duty that "*includes* performing office or non-manual work." 29 C.F.R. § 541.601 (emphasis added).

In his R&R, Magistrate Judge Cott found, as a matter of law, that Plaintiffs meet the first two elements (set forth above) of the HCE exemption because they (1) met the $100,000 compensation threshold between 2010 and present (Docket No. 177, at 42), and (2) even based upon Plaintiffs' own characterization of their primary duty, Plaintiffs performed "quality control" work that was "directly related to the management or general business operations" consistent with the administrative exemption (*id.* at 27-28).  Yet with respect to the third requirement,

Magistrate Judge Cott found that a factual dispute exists "regarding whether Plaintiffs' primary duty *is* office or non-manual in nature." (*Id.* at 37) (emphasis added).

For two reasons, Verizon objects to Magistrate Judge Cott's R&R finding.  *First,* Magistrate Judge Cott erred by substituting "is" for "includes" in the third prong of the HCE exemption.  This prong requires only that an employee's "primary duty *include[]* performing office or non-manual work."  29 C.F.R. § 541.601(d).  *Second*, even viewing the evidence in the light most favorable to Plaintiffs, their primary duty plainly includes non-manual work.  As Magistrate Judge Cott found, "[u]nder Plaintiffs' view of their primary duty, Plaintiffs' role is to inspect technician work to ensure that the technicians provided the service in a safe and adequate way." (Docket No. 117, at 27-28).   Plaintiffs perform this work through "view[ing] the work that has been done and/or is being done by Verizon's technicians."  (Haas Aff. ¶ 5 (Docket No. 103-39)); (Rahman Aff. ¶ 4 (Docket No. 103-40) (similar)).  No reasonable jury could find that such visual "observations," to use Plaintiffs' and Magistrate Judge Cott's word (Docket No. 177, at 5, 19), constitute manual work.  As explained herein, that conclusion is not altered simply because Plaintiffs "utilize safety equipment" or even if it is sometimes necessary, as Plaintiffs claim, to "lie on the ground, climb over obstacles, and/or crawl into small spaces" to gain the vantage point from which they can conduct their visual observations.  (*Id.* at 5).

Accordingly, this Court should reject Magistrate Judge Cott's findings regarding the third prong of the HCE exemption.  Furthermore, based upon Magistrate Judge Cott's finding that Plaintiffs earned in excess of $100,000 during the FLSA period (*i.e.*, 2010 to present), and his finding that they perform one or more duties of an exempt administrative employee, the Court should grant summary judgment to Verizon on Plaintiffs' FLSA claims (First and Second Claims) in their entirety and partial summary judgment to Verizon as to Plaintiffs' New York law claims

(Third and Fourth Claims) for the years in which Plaintiffs earned more than $100,000.  For

Haas, this includes 2009-present, and for Rahman, this includes  2010-present.  (*See id.* at 42).

**2.      Magistrate Judge Cott Erred in Finding A Genuine Factual Dispute Regarding Whether Plaintiffs Customarily and Regularly Direct the Work of Two or More Employees.**

Although the Court does not need to reach this issue to grant summary judgment to

Verizon as to Plaintiffs' FLSA claims and their New York law claims for the years that they

were compensated in excess of $100,000, in light of the undisputed evidence (*id.* at 7, 34) that

Plaintiffs customarily and regularly direct the work or two or more employees consistent with the

executive exemption (29 C.F.R. § 541.100(a)(3)), Verizon also objects to the portion of

Magistrate Judge Cott's R&R (Docket 177, at 34) finding that this issue is genuinely disputed.

**3.      Because Summary Judgment Should Be Granted In Favor of Verizon on the Highly Compensated Exemption For The Entire FLSA Period, Conditional Certification Should Also Be Denied as Moot.**

Further, because Magistrate Judge Cott's recommendation (*id.* at 15) that Plaintiffs'

motion for conditional certification be granted was premised upon the incorrect finding that

Verizon is not entitled to summary judgment as to Plaintiffs' individual FLSA claims, that

recommendation should not be adopted.  Instead, because Plaintiffs' FLSA claims fail as a

matter of law, the Court should deny Plaintiffs' conditional certification motion as moot.

**4.      To the Extent Plaintiffs' Conditional Certification Motion is Granted, The Production of E-mail Addresses Should be Denied.**

Finally, if the Court upholds the recommendation (*id.* at 15) that conditional certification

be granted, Verizon objects to Magistrate Judge Cott's recommendation that it be required to

provide e-mail addresses to facilitate e-mail notice because first class mail is the preferred notice

method and producing email addresses has the potential for abuse.  *See, e.g.*, *Gonzalez v.*

*Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013).

## BACKGROUND

Plaintiffs are employed by Verizon in the title Local Manager I&M/Construction. (Docket No. 177, at 2).  Plaintiffs each have responsibility for a team of approximately 15-23 unionized technicians who perform the manual installation and maintenance work necessary to provide Verizon's customers with voice, internet, and television service.  (*Id.* at 2, 27).  Plaintiffs earn in excess of $100,000 and are paid an incentive bonus.  (*Id.* at 41-42).  Plaintiffs do not perform the manual work their technicians perform (*id.* at 27), and Plaintiffs acknowledge that they perform an array of managerial tasks, at least on occasion (*id.* at 7, 21, 25, n. 19, 34).  Even so, Plaintiffs claim that they do not perform the duties required by the executive, administrative, and/or HCE exemption, and thus filed this lawsuit under the FLSA and New York law seeking overtime pay.

In his R&R, Magistrate Judge Cott found it was undisputed that Plaintiffs performed the following duties:  "monitoring the start and end times of technicians' jobs; ensuring the technicians only take an hour lunch break; informing technicians of proper procedures to follow; approving job deviations; coordinating team work among technicians; advising technicians how to handle difficult customers; and attending grievance proceedings."  (*Id.* at 4).  Magistrate Judge Cott also acknowledged that Plaintiffs admitted they "perform managerial tasks on occasion, such as communicating objectives to technicians, offering feedback, and providing reviews" (*id.* at 7) and that they "assess their technicians' performance to hold them accountable; review reports on the number of jobs completed in a day and timelines of departure to the field; ensure that the technicians get a full day's worth of work; review technicians' scorecard results with them on a monthly basis; initiate disciplinary proceedings; and are themselves evaluated based on their abilities as managers" (*id.* at 21).

It is further undisputed that Plaintiffs "perform quality and safety inspections to confirm that technicians follow Verizon's policies" during which they "sometimes encounter safety hazards." (*Id.* at 4).   According to Plaintiffs, they perform inspections by visually observing, for example, whether a technician "use[s] knee pads and headlamps, lifts loads primarily with leg muscles, keeps load[s] close to body, removes and retains vehicle ignition key[s] when notifying garage mechanic[s] that the vehicle is ready for servicing, wears seatbelt[s] properly, and uses handrails to safety ascend or descend stairs."  (*Id.* at 5).

## ARGUMENT

Objections to the R&R should be reviewed de novo.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  Verizon respectfully requests that this Court reject Magistrate Judge Cott's findings as addressed herein, adopt his findings that Plaintiffs meet all other elements of the HCE exemption, and as such, grant summary judgment in favor of Verizon as to Plaintiffs' individual FLSA claims and New York law claims (for applicable years) and deny Plaintiffs' motion for conditional certification as moot.

**I.     Magistrate Judge Cott Applied An Incorrect Standard In Assessing Whether Plaintiffs Perform Office or Non-Manual Work Necessary To Meet The HCE Exemption**

By its plain terms, the third prong of the HCE exemption is satisfied if the employee's "primary duty *includes* performing office or non-manual work."  29 C.F.R. § 541.601(d) (emphasis added).  The dictionary definition of "includes" is "to have (someone or something) as part of a group or total."  *See* MERRIAM-WEBSTER DICTIONARY, http://www.merriam-webster.com/dictionary/include (last visited Aug. 31, 2015).  Thus, to satisfy this prong, Verizon needs to show only that Plaintiffs' primary duty consisted, at least in part, of non-manual work. Magistrate Judge Cott, however, held Verizon to the significantly higher standard of showing

that "Plaintiffs' primary duty *is* office or non-manual in nature."  (Docket No. 177, at 37)
(emphasis added).  This recommendation was an error of law that should be rejected.

Because a "high level of compensation is a strong indicator of an employee's exempt
status," the HCE exemption does not require a "detailed analysis of the employee's job duties."
29 C.F.R. § 541.601(c).  In fact, an employee need only "customarily and regularly perform[]
any one or more of the exempt duties or responsibilities of an executive, administrative, or
professional employee" to meet the HCE duties test.  *Id.*  To be sure, the HCE exemption
excludes manual laborers (*see* 29 C.F.R. § 541.601(d)), but it does not limit eligibility to those
employees whose primary duty is office or non-manual work.  Under the express language of the
regulation, employees are eligible so long as their primary duty "includes" non-manual work.
Had the Department of Labor ("DOL") intended to require that HCE exempt employees have a
primary duty that *is* non-manual work, it knew how to require that, just as it required executive
employees to have a primary duty that "*is* management. . ." (29 C.F.R. § 541.100(a)(2))
(emphasis added), administrative employees to have a primary duty that "*is* the performance of
office or non-manual work. . . " (29 C.F.R. § 541.200(a)(2)) (emphasis added), and professional
employees to have a primary duty that "*is* the performance of work . . . [r]equiring knowledge of
an advanced type in a field of science or learning. . . " (29 C.F.R. § 541.300(a)(2)) (emphasis
added).  The DOL exercised its regulatory prerogative to use the less exacting "includes"
standard for the less detailed HCE exemption analysis, and it was wrong for Magistrate Judge
Cott to substitute his view of what the standard should be.

Indeed, Magistrate Judge Cott's substitution of "is" for "includes" in 29 C.F.R.
§ 541.601(d) violates settled rules of statutory construction. "[W]hen the '[regulator] uses certain
language in one part of the [regulation] and different language in another, the court assumes

different meanings were intended.'" *DaCosta v. Prudential Ins. Co. of Am.*, No. 10-CV-720 (JS)

(ARL), 2010 WL 4722393, at *5 (E.D.N.Y. Nov. 12, 2010) (alteration in original) (quoting *Sosa*

*v. Alvarez-Machain*, 542 U.S. 692, 711, n. 9 (2004)); *Zink v. First Niagara Bank, N.A.*, No. 13-

CV-01076 (A) (M), 2014 WL 1875577, at *2 (W.D.N.Y. Jan. 27, 2014) (same); *see also Mary*

*Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 156 (2d Cir. 2013) ("[W]here, as here,

Congress uses certain language in one part of the statute and different language in another, the

court assumes different meanings were intended." (internal quotation marks omitted)).  There is

no indication that the DOL intended to conflate "is" and "includes."  Not only did the DOL use

the facially more lenient "includes" in 29 C.F.R. § 541.601(d), but its explanation for its

formulation of the HCE exemption confirms that it intended the "includes" standard to be less

rigorous.  According to the DOL, the HCE exemption "eliminat[es] the need for a detailed

analysis" because "[a] high level of compensation is a strong indicator of an employee's exempt

status." 29 C.F.R. § 541.601(c).  Use of the word "includes" renders the analysis less detailed:

once it is determined that an employee's primary duty "includes" non-manual work, the analysis

can stop; the court need not go on to determine whether the primary duty "is" non-manual work.

Magistrate Judge Cott's substitution of "is" for "includes" also violates the cardinal rule

that "[t]he plain meaning of language in a regulation governs unless that meaning would lead to

absurd results."  *Forest Watch v. United States Forest Serv.*, 410 F.3d 115, 117 (2d Cir. 2005)

(internal quotation marks omitted); *see also Lopes v. Dep't of Social Servs*, 696 F.3d 180, 188

(2d Cir. 2012) (same); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 383 (S.D.N.Y.

2003) ("According to long-held canons of construction, regulations must be read according to

their plain meaning," finding it clear that "all means all; any means any . . . [where] there is no

suggestion elsewhere in the . . . Rules that these words are somehow terms of art that should be

given any meaning but the usual ones."). Here, there is nothing to suggest that "includes" should not be given its plain meaning. Again, the DOL's use of "includes" in 29 C.F.R. § 541.601(d) is fully consistent with its explanation that the HCE exemption does not require the same "detailed analysis" (29 C.F.R. § 541.601(c)) as does the white collar exemptions.

The only case to date that has opined on the difference between "includes" in 29 C.F.R. § 541.601(d) and "is" in the white collar exemptions has concluded, consistent with the plain language of the regulation, that "includes" is more lenient than "is." In *Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, No. 7:08-CV-0536-LSC, 2012 WL 1566140, at *2 (N.D. Ala. Apr. 30, 2012), the plaintiffs argued that the primary duty must be office or non-manual work for HCE to apply. The court flatly rejected this interpretation: "Plaintiffs appear to overlook the significance of the word 'includes' in subsection (d). There is a vast difference between fully determining an employee's 'primary duty' as part of the executive-exemption analysis and simply determining whether that primary duty '*includes*' performing office or non-manual work." *Id.* (emphasis in original).

The DOL's use of the term "includes" elsewhere in the regulations further demonstrates that the distinction between "includes" and "is" is intended. The DOL's juxtaposition of "is" and "includes" in the second and third prongs of the administrative exemption is perhaps the most frequently analyzed example. *Compare* 29 C.F.R. § 541.200(a)(2) ("[P]rimary duty is the performance of office or non-manual work") *with* 29 C.F.R. § 541.200(a)(3) ("[P]rimary duty includes the exercise of discretion and independent judgment with respect to matters of significance"). Faced with this difference in the wording, courts uniformly conclude that the words have different meanings. In particular, courts recognize that the "includes" standard is satisfied even where discretionary work is a small component of the primary duty. *See e.g.,*

*Robinson-Smith v. Gov't Emps. Ins. Co.*, 590 F.3d 886, 893-94 (D.C. Cir. 2010) ("includes" standard satisfied when discretion exercised "60 times a year"); *see also Withrow v. Sedgwick Claims Mgmt. Serv., Inc.*, 841 F. Supp. 2d 972, 985 (S.D.W. Va. 2012) (because the "regulations do not state how frequently discretion must be exercised," even where the "'vast majority' of . . . work was consumed with tasks such as sorting the mail, the plaintiffs' primary duty nonetheless included the exercise of discretion and independent judgment"); *Spinden v. GS Roofing Products Co.*, 94 F.3d 421, 428 (8th Cir. 1996) (concluding that an employee was exempt where he spent 10-20 percent of his time doing "decision making, discretion, independent judgment-type things").

Magistrate Judge Cott's reluctance to apply the plain meaning of "includes" stems from his concern that doing so would render the HCE exemption's third prong "effectively meaningless, as the vast majority of jobs include some minimal level of office or non-manual work." (Docket No. 177, at 38).   To illustrate his point, Magistrate Judge Cott gives the example of a mechanic who has the added duty of ordering parts. (*Id.*)  The DOL's exclusion of "mechanics" from the HCE exemption that Magistrate Judge Cott cites (*id.* at 38, n.23) is not on-point to his example, however, because that exclusion does not address mechanics who are tasked with ordering supplies or otherwise managing inventory.  But, regardless, the mechanic in Magistrate Judge Cott's example could only qualify for the HCE exemption if ordering supplies were part of his "primary duty" (29 C.F.R. § 541.601(d)), and if he satisfies "one or more of the exempt duties or responsibilities of an executive, administrative, or professional employee" (29 C.F.R. § 541.601(a)).  An employee who "spend[s] nearly their entire day under the hood of a car" (Docket No. 177, at 38) is unlikely to do so.

Magistrate Judge Cott also rejects Verizon's interpretation of 29 C.F.R. § 541.601(d) because Verizon does not cite to any case law in this Circuit to support it.  But no case in this Circuit has addressed the issue.  *Zubair v. En'Tech Eng'g, P.C.*, 808 F. Supp. 2d 592 (S.D.N.Y. 2011), which Magistrate Judge Cott cites to as supporting his conclusion that there is no distinction between "is" and "includes," does not address this issue.  Similarly, nothing in *Nigg v. United States Postal Serv.*, 829 F. Supp. 2d 889, 909 (C.D. Cal. 2011), suggests that "includes" is equivalent to "is."  To the contrary, in refusing to grant summary judgment to the employer on whether the HCE exemption applied on the facts of that case, the court stated "a genuine issue of fact remains as to whether the Inspectors' primary duty *involves* office or non-manual work," which is fully consistent with Verizon's position as to the proper construction of the HCE exemption.  *Id.* at 908 (emphasis added).

## II.  Magistrate Judge Cott Also Erred By Finding That There Was A Genuine Factual Dispute Regarding Whether Plaintiffs' Primary Duty "Includes" Office Or Non-Manual Work

Magistrate Judge Cott briefly addressed whether Verizon could satisfy 29 C.F.R. § 541.601(d) under the plain meaning interpretation that it advocates.  Magistrate Judge Cott found that Verizon could not satisfy even the relaxed interpretation because Plaintiffs' primary duty "does not include any office or non-manual work."  (Docket No. 177, at 39).  This is plainly incorrect.  No reasonable jury could conclude that Plaintiffs' visual observations of their technicians – which is at the core of the "inspection" work that Plaintiffs claim is their primary duty – is manual labor.

As Magistrate Judge Cott pointed out (*id.* at 23), the FLSA regulations do not define non-manual work.  The HCE exemption regulation does define manual work, however, as work "involving repetitive operations with [employees'] hands, physical skill and energy."  29 C.F.R. § 541.601(d).  Accordingly, "non-management production-line workers and non-management

employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill and energy" perform non-manual work.  29 C.F.R. § 541.601(d).

Here, it is undisputed that the technicians, not the Local Managers, perform the manual work of "install[ing] the services Verizon provides," and Magistrate Judge Cott confirmed that Plaintiffs "do not" perform this work.  (Docket No. 177, at 27).  Rather, according to Magistrate Judge Cott, Plaintiffs' claim their primary duty is "to inspect technician work to ensure that the technicians provided the service in a safe and adequate way."  (*Id.* at 27-28).  It is undisputed that Plaintiffs conduct the inspections through visual observations of their technicians.  (*Id.* at 4, 19).  As Plaintiffs describe it, the inspections "require me to view the work that has been done and/or is being done by Verizon's technicians" (Haas Aff. ¶ 5 (Docket No. 103-39); (Rahman Aff. ¶ 4 (Docket No. 103-40) (similar)), "answer each of the questions posed on the checklist" (Haas Aff. ¶ 8 (Docket No. 103-39); Rahman Aff. ¶ 6 (Docket No. 103-40)), and "gather facts and report them to the proper individuals or departments at Verizon" (Haas Aff. ¶ 9 (Docket No. 103-39)); (Rahman Aff. ¶ 6 (Docket No. 103-40) (similar)).  Plaintiffs explain that their safety observations include checking to see "whether the technician uses knee pads and headlamps, lifts load primarily with leg muscles, keeps load close to body, removes and retains vehicle ignition key when notifying garage mechanic [that the] vehicle is ready for servicing, wears seatbelt properly, and uses handrails to safely ascend or descend stairs."  (Plaintiffs' Rule 56.1 Statement, ¶ 38 (Docket No. 101) (quoting Work Observation (Ex. 11) at VZ31190, 31194, 31196, 31199) (internal quotation marks omitted)).  Similarly, the quality inspections, according to Plaintiffs, include checking to see "whether the technician has configured customers' remote controls,

whether the technician reported that the job is completed on the tablet, and whether the technician's vehicle is clean and organized."  (Plaintiffs' Rule 56.1 Statement, ¶ 39 (Docket No. 101)).  These observations clearly do not constitute manual work.  *See Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 351, 354 (5th Cir. 2015) (plaintiffs performed "office or non-manual work" where they "observed oil transfers" and "the work of independent inspectors during the transfer process and inspected certain elements of transfers themselves"); *Lopez v. United Parcel Serv., Inc.*, No. No. C 08-05396 SI, 2010 U.S. Dist. LEXIS 95772, at *7 (N.D. Cal. Sept. 14, 2010) ("[R]iding as a passenger in a delivery van, making written notations, and entering information into a PDA" are "non-manual tasks.").

In sum, *observing* whether manual work is done safely and correctly and recording the results is worlds removed from the work of carpenters, plumbers, and iron workers.  *Cf.* 29 C.R.F. § 541.601(d).  Indeed, if such observations constituted manual labor, virtually all employees who supervise manual laborers would themselves be manual laborers.  Because Plaintiffs' visual observations indisputably constitute non-manual work, and because Plaintiffs' primary duty – even as they characterize it – includes such observations, Verizon satisfies the third prong of the HCE exemption (29 C.F.R. § 541.601(d)) as a matter of law.

## III.   Magistrate Judge Cott Erred in Finding A Genuine Dispute of Material Fact As To Whether Plaintiffs' Primary Duty Is Office or Non-Manual Work

Even if the HCE exemption's third prong (29 C.F.R. § 541.601(d)) requires that the employee's primary duty "is" office or non-manual work (which it plainly does not), Verizon still satisfies the prong as a matter of law.  Fully crediting Plaintiffs' position that performing "inspections" is their primary duty, Plaintiffs' primary duty is still office or non-manual work because this type of "quality control" work is non-manual.

In analyzing Plaintiffs' primary duty under the administrative employee exemption, Magistrate Judge Cott acknowledged that Plaintiffs view their primary duty as inspection work "to ensure that the technicians provided the service in a safe and accurate way," and he concluded that this work constitutes administratively exempt "quality control" work.  (Docket No. 177, at 27-28).  It is well-established that inspections done for quality control purposes constitute non-manual work.  *See Zannikos*, 605 F. App'x at 351, 360 (superintendent who primarily observed and inspected oil transfers met the requirements of the highly compensated employee exemption, including the office or non-manual work requirement); *Pieretti v. Dent Enters.,* No. 11-2179, 2013 U.S. Dist. LEXIS 27244, at *7 (E.D. Pa. Feb. 26, 2013) (Quality Assurance Manager who "perform[ed] site inspections at the premises of . . . customers to assess [subcontractors'] work performance" met office or non-manual work requirement of state minimum wage law's parallel to FLSA administrative exemption); *see also* 29 C.F.R. § 541.201(b) (listing "quality control" as "[w]ork directly related to management or general business operations").

For example, in *Zannikos*, an oil superintendent performed duties such as "observing oil transfers to verify that performance was accurate, legal, and safe," "monitor[ing] the loading and unloading of cargo and report[ing] any errors or losses; monitor[ing] and report[ing] on transfers' compliance with Oil Inspections' safety policies and nationally recognized safety standards; and perform[ing] quality control functions."  605 F. App'x at 351.  The superintendent also had to inspect cargo tanks to ensure they were properly calibrated and had proper temperatures, and examine tank placement to ensure that oil had not been lost during the transfer. *Id.*  There, the Fifth Circuit found that "plaintiffs' work . . . primarily included supervision, quality control, and ensuring compliance with applicable standards" and thus constituted "office

or non-manual work directly related to the management or general business operations of Oil Inspections or its customers." *Id.* at 353-54.  Accordingly, the court held that the named plaintiff who earned over $100,000 annually was exempt under the HCE exemption.  *Id.* at 360.

Here, the inspection work Plaintiffs claim to perform, even construing the evidence in the light most favorable to them, falls easily within the framework of *Zannikos* and other authority finding that "quality control" inspections are non-manual, exempt work.  Indeed, the DOL expressly lists "quality control" as an example of exempt administrative work.  *See* 29 C.F.R. § 541.200(b).  As Magistrate Judge Cott found, Plaintiffs "inspections" fulfill the "quality control" function of "ensur[ing] that the technicians provided the service in a safe and adequate way."  (Docket No. 177, at 27-28).

Magistrate Judge Cott's finding that a genuine factual dispute exists regarding whether Plaintiffs' primary duty is non-manual is not supported by the record or case law that he cites. Importantly, regardless of whether a component of the inspections could be deemed "manual," Plaintiffs' primary duty is still exempt where the "character of the employee's job as a whole" shows that the manual component is not the most important function.  29 C.F.R. § 541.700(a). For example, "flying an airplane is not manual labor" because "[w]hile the use of one's hands is required, it is the non-manual decision-making that is the key to the successful operation of an airplane."  *McCoy v. North Slope Borough*, No. 3:13–CV–00064–SLG, 2013 WL 4510780, at *10 (D. Alaska Aug. 26, 2013) (finding pilots to have a primary duty of "office or non-manual work" and to be exempt under the highly compensated employee exemption).  Similarly, where an employee spent "most of her time creating and adjusting tech packs," and also "measured" and "adjusted" garments, her primary duty was nonetheless office or non-manual work, because it was done "for the overarching purpose of fulfilling her quality control role."  *Cameron v.*

*Abercrombie & Fitch Co.*, No. 2:10-cv-631, 2012 WL 4057240, at **3-4 (S.D. Ohio Sept. 14, 2012).  And where employees spend 85-95% of their time on law enforcement duties "such as making arrests and breaking up fights," these were related to their "overarching primary duty to provide safety and security for their clusters, which is, on the whole, a non-manual job."  *Ferrell v. Gwinnett County Bd. of Educ.*, 481 F. Supp. 2d 1338, 1344-45 (N.D. Ga. 2007).

The regulations further specifically state that work that is "'directly and closely related' to the performance of exempt work is also considered exempt work."  29 C.F.R. § 541.703(a). As the regulations explain, "'directly and closely related' work may include physical tasks and menial tasks that arise out of exempt duties, and the routine work without which the exempt employee's exempt work cannot be performed properly."  *Id.*  Here, Plaintiffs claim that they may don "safety equipment" for protection while performing a observation (Docket No. 177, at 5) or possibly "*can be* required" or "*may need* to lie on the ground, climb over obstacles or crawl into small spaces," or "*may . . . be* required to climb ladders or lower myself into sub-ground crawl spaces to inspect cables and cable connections," and "*often* have to move items on the site to inspect areas" (Haas Aff. ¶ 7 (Docket No. 103-39); Rahman Aff. ¶ 5 (Docket No. 103-40); *see also* Docket No. 177, at 5).  But to the extent they do these things, Plaintiffs clearly do so as a means of facilitating their administratively exempt quality control work, *i.e.*, by putting themselves in the position to conduct their observations.   Accordingly, these activities are also exempt work.  29 C.F.R. § 541.703(a).  There is absolutely nothing in the record to suggest that "[laying] on the ground, climbing over obstacles and/or crawling into small spaces" (Docket No. 177, at 5) is itself the most important part of Plaintiffs' job.  *See* 29 C.F.R. § 541.700(a) ("The term 'primary duty' means the principal, main, major or most important duty that the employee

performs."). Magistrate Judge Cott's focus on Plaintiffs' claims that their inspection work "involve[ed] physical dexterity and safety hazards" was therefore misplaced. (*Id.* at 39).

In concluding that there were issues of material disputed fact as to whether Plaintiffs' primary duty is office or non-manual work, Magistrate Judge Cott relied on two cases involving plaintiffs with the title "inspector," employed by engineering firms that performed inspection services for N.Y.S. Department of Transportation bridge projects: *Zubair v. En'Tech Eng'g, P.C.*, 808 F. Supp. 2d 592 (S.D.N.Y. 2011) and *Switzoor v. SCI Eng'g, P.C.*, 11-CV-9332 (RA), 2013 WL 4838826, at *3, n.3 (S.D.N.Y. Sept. 11, 2013). These cases are factually inapposite and do not demonstrate that Plaintiffs' quality control duties here are manual.

While the duties of the plaintiffs in *Zubair* and *Switzoor* were not described in detail, it is clear that the plaintiffs themselves were the employees who provided their firm's services to customers and that their inspections were at least partly manual. For example, in *Zubair*, one of the plaintiff's duties was "testing concrete and paint samples." *Zubair*, 808 F. Supp. 2d at 600. And, in *Switzoor*, defendant did not even argue that plaintiff was exempt and there was no analysis of the issue; the court merely noted in a footnote that the plaintiff would likely not be exempt on the holding in *Zubair*. *See Switzoor*, 2013 WL 4838826, at *3, n.3. Here, in contrast, it is undisputed that Plaintiffs' unionized technicians, not Plaintiffs, perform the installation and maintenance services. (Docket 177, at 27). Plaintiffs' primary duty, as both they and Magistrate Judge Cott characterize it, is quality control work (*id.* at 27-28), and this work is performed not by manual testing but through visual observations of their technicians' work (*id.* at 5, 19). Plaintiffs admit that they perform the observations to ensure that technicians are performing their jobs safely and adequately.[1] (*Id.* at 27-28). Moreover, while Plaintiffs dispute the amount of

---

[1] *See* Haas Dep. 114:19-25 (Docket No. 103-5) ("[T]he work observations that we're required to do, the techs know that we are out there following a checklist and observing them. And any discrepancies would be brought back to my

time they spend on such tasks, it is undisputed that Plaintiff oversee their respective teams of

technicians and they have certain managerial responsibilities for them.  (*Supra* p. 4).  Thus,

*Zubair* and *Switzoor* are readily distinguishable.  What is more, there is no indication in either

case that the court intended to rule that a company's internal quality control function constitutes

manual work that would make it ineligible for the administrative exemption.  Such a ruling

would be squarely at odds with the DOL's determination that quality control work is

administratively exempt.  *See, e.g.*, 29 C.F.R. § 541.201(b); *see also Zannikos*, 605 F. App'x

349, at 351, 354; *Pieretti,* 2013 U.S. Dist. LEXIS 27244, at *7.

## IV.    Magistrate Judge Cott Erred in Finding A Genuine Factual Dispute Regarding Whether Plaintiffs Customarily and Regularly Direct the Work of Two or More Employees

Magistrate Judge Cott also erred in concluding that there was a genuine factual dispute

regarding whether Plaintiffs customarily and regularly "direct the work" of two or more

technicians as delineated in the executive exemption.  (Docket 177, at 33-34).  Because the HCE

exemption's second prong is satisfied by a showing that an employee "customarily and regularly

performs any one or more" exempt duties, and because Magistrate Judge Cott correctly found

that Plaintiff customarily and regularly perform administratively exempt work, the Court does

not need to reach this issue to grant Verizon summary judgment as to the HCE exemption.

Nonetheless, Verizon is entitled to summary judgment on this issue as well.

Employees meet this element of the executive exemption when they are responsible for

"ensuring [employees'] compliance with policies and procedures" and evaluating employees.

*See Baldwin v. Trailer Inns., Inc.*, 266 F.3d 1104, 1116 (9th Cir. 2001); *see also Ramos v. Baldor*

---

supervisor with the threat of disciplinary action."); Rahman Dep. 31:19-34:16 (Docket No. 103-12); Plaintiffs' Rule 56.1 Response, ¶ 38 (Docket No. 116) (agreeing that he uses quality and safety inspections to "get the technicians to work"); Rahman Dep. 68:5-10 (Docket No. 103-13) (explaining how he provides feedback on how the technician he is observing is doing on the quality standards during quality observations).

*Specialty Foods, Inc.*, 10 Civ. 6271(RMB), 2011 WL 2565330, at *6 (S.D.N.Y. June 16, 2011)

(concluding that plaintiff directed the work of other employees as part of his management duties,

in part, because the "main part" of his job was to "mak[e] sure his [P]ickers [were] doing their

job correctly"); *Hicks v. Mercedes-Benz U.S. Int'l Inc.*, 7:08-cv-0536-LSC, 2012 U.S. Dist.

LEXIS 91253, at *82 (N.D. Ala. July 2, 2012) (finding that various plaintiffs met the "directing

work" requirement based upon evidence that plaintiffs were responsible for enforcing company

policies and ensuring that goals were met by their teams).

      For example, in *Ramos*, the court found the plaintiff's job duties to be "clearly

managerial," including that he directed the work of his employees, where he made sure the

"pickers" who reported to him "arrive[d] to work on time" and made sure that pickers "[did]

their job correctly" and "at an acceptable productivity level" by speaking to pickers on this team

"who work[ed] too slowly or [made] too many mistakes to try to get them to do their jobs

better." 2011 WL 2565330, at *6.  Similarly, in *Hicks*, the court provided individual assessments

of plaintiffs' duties and concluded that they necessarily met the "directing work" prong, because,

for instance, they "direct[ed] [their] groups in meeting the Company objectives for safety,

product quality, accuracy, productivity, cost reduction, housekeeping, efficiency, training, and

team harmony" (2012 U.S. Dist. LEXIS 91253, at *34) and had responsibility to "oversee the

work and performance of [their] [teams] and to direct the [team's] work so that it complies with

[the employer's] standards" (*id*. at *52).  Indeed, courts recognize that "[e]nsuring that company

policies are carried out constitutes the very essence of supervisory work."  *Baldwin*, 266 F.3d at

1117 (quoting *Donovan v. Burger King Corp.*, 672 F.2d 221, 226 (1st Cir. 1982); *see also Scott*

*v. SSP Am., Inc.*, No. 09–CV–4399 (RRM)(VVP), 2011 WL 1204406, at *12 (E.D.N.Y. Mar. 29,

2011) (citing plaintiff's "responsibility as a supervisor to ensure that her staff complied with corporate policies and administrative regulations" as a "critical managerial duty").

Here, considering only the facts that Magistrate Judge Cott found undisputed or admitted by Plaintiffs, Verizon satisfies this element of the executive exemption as a matter of law.  In particular, it is undisputed that Plaintiffs perform the following duties:  "monitoring the start and end times of technicians' job; ensuring the technicians only take an hour lunch break; informing technicians of proper procedures to follow; approving job deviations; coordinating team work among technicians; advising technicians how to handle difficult customers; and attending grievance proceedings," (Docket No. 177, at 4) as well as "communicating objectives to technicians, offering feedback, and providing reviews" (*id*. at 7).  For Haas, this includes informing the technicians of their objectives (Plaintiffs' Rule 56.1 Response, ¶ 23 (Docket No. 116)), and telling them where they stand in relation to those objectives (*id.* at ¶ 24).  For Rahman, it includes addressing with his technicians any deviations from Verizon's policies and procedures (*id.* at ¶ 39), and reporting violations such as technicians being off the job (*id.* at ¶ 49).  Magistrate Judge Cott also acknowledged Plaintiffs' admissions that they make sure each of the technicians has enough work in the morning, advise technicians of what to do in unfamiliar situations, and initiate discipline by bringing problems to their supervisor's attention. (Docket No. 177, at 34).  As such, Plaintiffs clearly "direct the work" of their technicians for purposes of the executive exemption. 29 C.F.R. § 541.100(a)(3).

Magistrate Judge Cott, however, found that there were disputed facts as to whether Plaintiffs "directed the work" of their technicians because it is disputed whether they instructed other employees, trained other employees, reported other employees' poor performance to superiors, set other employees' schedules or paid other employees, all of which Magistrate Judge

Cott characterized as "factors to consider" in the analysis pursuant to *Lema v. Mugs Ale House Bar*, No. 12-CV-2182 (PKC), 2014 WL 2917031 (E.D.N.Y. June 26, 2014).  (Docket No. 177, at 33-34).  But neither *Lema* nor the controlling regulations establish these specific duties as prerequisites to satisfaction of the "direct the work" element.  These happen to be the duties that the defendant in *Lema* relied upon but the plaintiffs disputed.  The defendant in *Lema* did not argue that the plaintiffs in that case, like the Plaintiffs' here, monitored the times their employees worked, ensured employees took only an hour lunch break, informed employees of proper procedures to follow, approved deviations from their work, coordinated work amongst a team of employees, advised employees how to handle difficult customers, told employees about their objectives and let them know where they stood in relation to them, addressed instances when employees did not follow company policies with them, answered questions for employees who reported to them, or provided reviews.  (Docket No. 177, at 4,7, 34).  There are many ways a supervisor can "direct the work" of subordinates.  The regulations do not dictate that such direction take any particular form.  29 C.F.R. § 541.100(a)(3).  Because the undisputed evidence shows that Plaintiffs direct the work of their technicians, Magistrate Judge Cott's contrary finding should not be accepted.

**V.     Because Summary Judgment Should Be Granted In Favor of Verizon on the Highly Compensated Exemption For The Entire FLSA Period, Conditional Certification Should Also Be Denied as Moot**

Because summary judgment should be granted to Verizon on the HCE exemption, which for Plaintiff Haas covers the period from 2009 to the present and for Plaintiff Rahman the period from 2010 to the present (Docket No. 177, at 42), Plaintiffs' FLSA claims (First and Second Claims) should be dismissed with prejudice.  (*Supra* p. 1-3.)  Accordingly, Plaintiffs motion for conditional certification should be denied as moot.

Courts both within and outside the Second Circuit routinely deny conditional and/or class certification motions as moot after granting defendants summary judgment on the plaintiffs' individual claims.  *See Winans v. Starbucks Corp.*, 796 F. Supp. 2d 515, 520 (S.D.N.Y. 2011) (granting defendant's motion for summary judgment on plaintiff's NYLL claims and accordingly denying as moot plaintiffs' Rule 23 class certification motion); *Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400 (CM)(DCF), 2010 U.S. Dist. LEXIS 33264, at *2 (S.D.N.Y. March 26, 2010) (granting defendant's summary judgment motion on plaintiffs' FLSA and state wage and hour claims, and accordingly denying as moot plaintiffs' "collective action certification motion"); *see also Smith v. Johnson & Johnson*, No. 06-4787 (JLL), 2008 U.S. Dist. LEXIS 104952, at **36-37 (D.N.J. Dec. 30, 2008), *aff'd* 593 F.3d 280 (3d Cir. 2010) (granting employer's motion for summary judgment over FLSA misclassification claims, and accordingly refusing to consider plaintiff's conditional certification motion as moot); *Bucklin v. Am. Zurich Ins. Co.*, No. 2:11-CV-05519- SVW-MRW, 2013 U.S. Dist. LEXIS 86342, at *60 (C.D. Cal. June 19, 2013) (granting employer's motion for summary judgment as to application of administrative exemption, and denying as moot plaintiffs' motion for class certification); *Taylor v. Waddell & Reed, Inc.*, No. 09cv2909 AJB (WVG), 2012 U.S. Dist. LEXIS 212, at **2-3 (S.D. Cal. Jan. 3, 2012) (granting employer's motion for partial summary judgment and denying as moot plaintiffs' motion for conditional class certification over plaintiffs' claims that they were improperly classified as independent contractors); *Christopher v. SmithKline Beecham Corp.*, No. CV-08-1498-PHXFJM, 2009 U.S. Dist. LEXIS 108992, at *14 (D. Ariz. Nov. 20, 2009) (granting employer's summary judgment motion and denying as moot plaintiffs' motion for conditional certification); *Brody v. AstraZeneca Pharms., LP*, No. CV 06-6862 ABC (MANx), 2008 U.S. Dist. LEXIS 107301, at **28-29 (C.D. Cal. June 11, 2008) ("For the foregoing

reasons, Defendant's Motion for Summary Judgment is GRANTED. In light of the foregoing, Plaintiff's Motion for Class Certification is STRICKEN AS MOOT."); *Rivera v. Schering Corp.*, No. CV 08-1743- GW(JCx), 2008 U.S. Dist. LEXIS 111105, at *12 (C.D. Cal. Aug. 14, 2008) (granting defendant's motion for summary judgment as to whether plaintiff was improperly classified under the outside salesperson exemption, and denying plaintiffs' motion for class certification as moot); *Muller v. Am. Mgmt. Ass'n Int'l*, 368 F. Supp. 2d 1166, 1177 (D. Kan. 2004) (granting employer's motion for summary judgment on FLSA misclassification claims and accordingly denying plaintiffs' motion for class certification as moot).

Plaintiffs' individual FLSA claims fail as a matter of law.  (*Supra* pp. 5-12.)  Magistrate Judge Cott's recommendation that Plaintiffs' conditional certification motion be granted should not be adopted because it is based on the incorrect premise that Plaintiffs have viable FLSA claims.  Accordingly, the Court should deny Plaintiffs' motion for conditional certification as moot.

**VI.     To the Extent Plaintiffs' Conditional Certification Motion is Granted, The Production of E-mail Addresses Should be Denied**

The Court should deny Plaintiffs' motion for conditional certification as moot, in which case it would not need to reach Plaintiffs' request for putative class member e-mail addresses.  If the Court does reach this request, however, the Court should overrule Magistrate Judge Cott's recommendation that any e-mail addresses should be produced, because first-class mail is far and away the preferred notice method and production of e-mail addresses has the potential for abuse. *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013) (finding first-class mail sufficient and requiring no production of telephone numbers or e-mail addresses); *Hintergerger v. Catholic Health Sys.*, No. 08–CV–380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) (denying request for notice through e-mail because

first-class mail is the preferred means of notice and "notification by electronic mail could create risks of distortion or misleading notification through modification of the notice itself or the addition of commentary"); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) ("[E]lectronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court.").

Notably, in the R&R, Magistrate Judge Cott does not even address Verizon's objection to the production of e-mail addresses, and *none* of the cases that Magistrate Judge Cott cites in support of his recommendation required production of e-mail addresses. (Docket No. 177, at 14).

In addition, requiring that notice be sent to potential class members via business e-mail would be disruptive to Verizon's business operations and should be denied on that basis as well. *See Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 703, n.5 (D.S.C. 2014) (denying request for work e-mail addresses as "disruptive" and "serv[ing] little purpose other than possibly increasing workplace tension"); *Hart v. U.S. Bank NA*, No. CV 12–2471–PHX–JAT, 2013 WL 5965637, at *6 (D. Ariz. Nov. 8, 2013) (denying the distribution of class notice by e-mail on the grounds that it would be "disruptive to send notice . . . via . . . Defendant[-]provided work email addresses"). Similarly, the request for personal e-mail addresses should be denied because requiring the production of personal e-mail addresses "would unduly invade the privacy of the potential plaintiffs." *Id.*[2]

## CONCLUSION

For the reasons set forth above, Verizon respectfully requests that this Court overturn Magistrate Judge Cott's recommendation that Verizon was not entitled to summary judgment on

---

[2] Verizon also notes that employees are not required to provide the company with their personal e-mail addresses, so Verizon may not have personal e-mail addresses for every putative class member.

the HCE exemption or on the "direct work" element of the executive exemption. As such, the

Court should grant summary judgment to Verizon on Plaintiffs' FLSA claims (First and Second

Claims) in their entirety, award partial summary judgment to Verizon as to Plaintiffs' New York

law claims (Third and Fourth Claims) for the years in which Plaintiffs earned more than

$100,000, and deny Plaintiffs' motion for conditional certification as moot. In the alternative,

Verizon respectfully requests that this Court deny Plaintiffs' request for e-mail addresses for the

putative class.

Dated: August 31, 2015                          Respectfully submitted,


                                                s/ Matthew W. Lampe
                                                Matthew W. Lampe
                                                Kristina A. Yost
                                                JONES DAY
                                                222 East 41st Street
                                                New York, New York 10017
                                                Tel: 212.326.3939
                                                Fax: 212.755.7306
                                                mwlampe@jonesday.com
                                                kyost@jonesday.com

                                                Tonya Braun (*admitted pro hac vice*)
                                                JONES DAY
                                                325 John H. McConnell Boulevard
                                                Suite 600
                                                Columbus, Ohio 43215
                                                Tel: 614.469.3939
                                                Fax: 614.461.4198
                                                tbraun@jonesday.com

                                                *Attorneys for Defendant*
                                                *Verizon New York Inc.*